Andre Y. Bates (SBN 178170) (aybates@dehengsv.com)
Yi Yao (SBN 292563) (yyao@dehengsv.com)
**DeHeng Law Offices PC**
7901 Stoneridge Drive, Suite 208
Pleasanton, CA 94588
T: (925) 399 6702
F: (925) 397 1976

*Attorneys for Plaintiff Shanghai Asian
Development Int'l Trans Pu Dong Co.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SHANGHAI ASIAN DEVELOPMENT INT'L TRANS PU DONG CO.,LTD., a company organized under the laws of the People's Republic of China, <br><br> Plaintiff, <br><br> vs. <br><br> ADP GLOBAL LOGISTICS, INC. (USA), a California corporation; KATHY CHEN, an individual; and DOES 1-20, inclusive, <br><br> Defendants. | Case No. <br><br> COMPLAINT FOR: <br><br> 1. DECLARATORY RELIEF <br> 2. BREACH OF FIDUCIARY DUTY <br> 3. CONVERSION <br> 4. ACCOUNTING <br> 5. JUDICIAL DISSOLUTION AND/OR APPOINTMENT OF RECEIVER <br><br> DEMAND FOR JURY TRIAL |

Plaintiff SHANGHAI ASIAN DEVELOPMENT INT'L TRANS PU DONG CO., LTD., ("Plaintiff" or "ADP Shanghai") as and for its complaint against Defendants ADP GLOBAL LOGISTICS, INC. (USA), a California corporation ("ADP Los Angeles"), KATHY CHEN, an individual ("Chen"), and DOES 1-20 (collectively, "Defendants") as follows, upon personal knowledge as to Plaintiff's own conduct and experience, and on information and belief as to all other matters based on investigation by counsel, such that each allegation has evidentiary support or is likely to have evidentiary support upon further investigation and discovery.

## PARTIES

1. Plaintiff ADP Shanghai is a company organized under the laws of the People's Republic of China, headquartered in Shanghai, China.

2. Defendant ADP Los Angeles is a California corporation with its principal place of business in the City of Industry, California.

3. Upon information and belief, Defendant Chen is an individual and a director and chief operating officer of ADP Los Angeles and is an alter ego of ADP Los Angeles.

4. Plaintiff has sued DOES 1 through 20, inclusive, by such fictitious names because Plaintiff is uncertain as to the names, identities, legal responsibilities, and/or capacities of the DOE Defendants. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated as a DOE Defendant was and is responsible in some manner for the events alleged herein and the damages caused thereby. Plaintiff will seek leave to amend this Complaint to allege the true names, identities, and capacities of each and/or any of the DOE Defendants when such information has been ascertained. Each reference in this Complaint to "Defendant," "Defendants," or a specifically named defendant refers also to all defendants sued under fictitious names.

5.      Plaintiff is informed and believe, and based thereon allege, that at all relevant times, each Defendant sued herein was the agent, servant, employer, employee, joint venture, contractor, partner, owner, subsidiary, division, alias, and/or alter ego of each of the remaining Defendants and was, at all relevant times, acting within the purpose and scope of such agency, employment, contract, ownership, subsidiary, alias, and/or alter ego and with the authority, consent, approval, control, influence, and ratification of each of the remaining Defendants sued herein.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because this action is between a citizen of a foreign state and citizens of a State, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff ADP Shanghai is a company organized and existing under the laws of the People's Republic of China, with its principal place of business located in Shanghai, China.  Defendants are residents and/or citizens of California.

7.      Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2) because at least one Defendant resides in this judicial district and a substantial part of the events or omissions giving rise to the claims occurred in this district. In particular, Defendant ADP Los Angeles maintains its principal place of business in the Central District of California.

8.      This Court has personal jurisdiction over all Defendants because they reside in, are domiciled in, conduct business in, or committed the acts complained of in the State of California and within this judicial district.

## FACTUAL BACKGROUND

9.      On October 28, 2005, Plaintiff entered into a Cooperation Agreement with Defendant Chen to establish a joint venture company in the United States

known as ADP Global Logistics, Inc. (USA), also known as ADP Los Angeles. (*See* Exhibit 1)

10.     Under the terms of the 2005 Cooperation Agreement, Plaintiff and Defendant Chen agreed that Plaintiff would hold sixty percent (60%) of the equity interests in ADP Los Angeles, while Chen would hold the remaining forty percent (40%).  The parties further agreed that, as an incentive for Chen's management and operation of the company, the shareholders holding ADP Shanghai's equity interest in ADP Los Angeles would cause Chen to receive an amount equal to ten percent (10%) of the dividends otherwise payable with respect to that equity interest.

11.     Because Plaintiff is a foreign entity, its 60% equity interest in ADP Los Angeles was to be held in the names of two nominee shareholders, who were then employees of Plaintiff, to hold Plaintiff's 60% interest solely on its behalf. These nominee shareholders also served as the directors of ADP Los Angeles, consistent with ADP Shanghai's majority ownership and controlling rights under the Cooperation Agreement.

12.     For many years, Chen managed the day-to-day operations of ADP Los Angeles.  However, in recent years, significant governance and financial irregularities have arisen.

13.     First, the former nominees, Hong Wang and Yusheng Lao, together held legal title to Plaintiff's 60% equity interest, with Wang holding 50% of that interest and Lao holding the remaining 10%.  However, Wang was convicted of financial crimes in China and is now incarcerated, while Lao is no longer suitable for the role of representative of ADP Shanghai for personal reasons. To maintain proper corporate governance and control, ADP Shanghai, consistent with its rights under the Cooperation Agreement, appointed two current employees to replace the two previous nominees as shareholders and directors of ADP Los Angeles. (*See* Exhibit 2, Notice to Shareholder Regarding Termination of Authorization and Re-

**COMPLAINT**

appointment of Nominee Holders)

14. Defendant Chen has refused to cooperate with these replacements, has rejected ADP Shanghai's lawful exercise of its ownership rights, and has obstructed the replacement of the previous nominees and registration of the new nominees and the convening of a shareholders' meeting to confirm such changes.

15. Second, Defendant Chen has consistently failed to timely provide ADP Shanghai with essential financial information of ADP Los Angeles, including financial statements and tax returns. Although Chen previously furnished monthly operating and profit data in the early years of the venture, beginning approximately two to four years ago, she largely stopped providing such information in the ordinary course of business. During this period, ADP Shanghai experienced nearly a full year in which no financial statements were delivered, resulting in blank internal financial schedules and preventing ADP Shanghai from preparing annual budgets and financial plans.

16. When financial statements were eventually produced, they were provided only sporadically and typically only after repeated demands. Likewise, no tax returns were provided at any time during the parties' cooperation until September of this year. Only after ADP Shanghai's representatives traveled to Los Angeles in person did Chen finally produce historical tax filings and records reflecting past profit-distribution payments since the entity's formation.

17. Despite ADP Shanghai's majority ownership interest and Chen's fiduciary and contractual obligations, Chen has failed to provide regular transparency into ADP Los Angeles's financial affairs and has not declared or distributed dividends in accordance with the Cooperation Agreement, in breach of both contractual duties and applicable corporate fiduciary duties.

18. ADP Shanghai has reason to believe that Chen has conspired with one or more of the former nominee shareholders to misappropriate corporate funds and

**COMPLAINT**

divert business opportunities belonging to ADP Los Angeles for their personal benefit. These actions have deprived ADP Shanghai of the benefits of ownership, including its right to receive accurate financial reporting, dividends, and participation in corporate governance.

19. In 2024, ADP Shanghai formally exercised its contractual and ownership rights to replace the two former nominees with its current employees as shareholders and board members of ADP Los Angeles. Nevertheless, Kathy Chen has refused to recognize these changes, has continued to act as if she controls ADP Los Angeles solely, and has persisted in excluding ADP Shanghai's representatives from management and board activities.

20. On November 12, 2025, ADP Shanghai, acting in its capacity as the majority shareholder of the Corporation, executed a Written Consent of Majority Shareholder pursuant to California Corporations Code § 603(a) (the "Written Consent", *See* Exhibit 3). By the Written Consent, ADP Shanghai approved and authorized, among other actions: (a) the termination and revocation of all prior authorizations and designations relating to nominee shareholding arrangements for ADP Shanghai's sixty-percent ownership interest in the Corporation; (b) the appointment of Yuanyuan Shao and Jun Yao as nominee shareholders to hold legal title to ADP Shanghai's shares on its behalf and subject to its direction; (c) the removal of the prior nominee directors and the appointment of Ms. Shao and Mr. Yao as directors of the Corporation to fill the resulting vacancies; and (d) the authorization and direction to the Board of Directors to take further action necessary to implement the shareholder-approved governance changes.

21. The shareholder actions approved by the Written Consent became effective upon execution, subject to the post-action notice requirements of §603(b).

22. On November 26, ADP Shanghai provided her with the written notice of the shareholder action taken by written consent to be served on Defendant Kathy

**COMPLAINT**

Chen in compliance with California Corporations Code §603(b) (the "§603(b) Notice", *See* Exhibit 3, at 12.).

23. The §603(b) Notice accurately described the shareholder actions taken by written consent and was delivered to Defendant Chen at her address reflected in the Corporation's records, using methods permitted under California law.

24. As of the expiration of the ten-day period following the provision of the notice pursuant to California Corporations Code §603(b), all statutory requirements governing shareholder action by written consent under California Corporations Code §§603(a) and 603(b) had been fully satisfied.

25. Despite the execution of the Written Consent and the service of the §603(b) Notice, Defendant Chen has refused to acknowledge or recognize the validity and effectiveness of the shareholder action and has taken the position that her consent or cooperation is required for the actions to be implemented.

26. Defendant Chen's refusal has included, without limitation, disputing the legitimacy of the newly appointed nominee shareholders and directors and obstructing the implementation of shareholder-approved corporate governance changes.

27. Defendant Chen's conduct has created a present, concrete, and ongoing dispute concerning the lawful ownership, governance, and control of ADP Shanghai, rendering judicial intervention necessary to resolve the parties' adverse legal positions.

28. Plaintiff brings this suit to, among other claims, obtain judicial relief confirming its majority ownership, declaring its replacements valid, and restoring its rightful control and access to the company's information, management, and assets.

/ / /

/ / /

**COMPLAINT**

## FIRST CAUSE OF ACTION
### (Declaratory Relief – Against Defendants Kathy Chen and ADP Los Angeles)

29. Plaintiff hereby re-alleges and incorporates by reference the paragraphs above as though fully set forth herein.

30. This cause of action is brought pursuant to California Code of Civil Procedure section 1060 and 28 U.S.C. § 2201 for a judicial declaration of the parties' respective rights and obligations with respect to the ownership, governance, and control of ADP Los Angeles.

31. ADP Shanghai is the lawful owner of sixty percent (60%) of the issued and outstanding shares of ADP Los Angeles and possesses all rights attendant to that ownership under California law and the parties' governing agreements.

32. On November 12, 2025, ADP Shanghai executed the Written Consent of Majority Shareholder pursuant to California Corporations Code section 603(a), and the shareholder actions approved thereby became valid and effective upon execution.

33. Following execution of the Written Consent, Defendant Chen was provided with Section 603(b) Notice in compliance with California Corporations Code section 603(b).

34. Chen's refusal to accept, acknowledge, or cooperate with the shareholder action taken by written consent does not invalidate, suspend, or otherwise affect the legal effectiveness of the Written Consent or the Section 603(b) Notice under California law.

35. An actual controversy exists between Plaintiff and Defendants regarding the ownership, management, and control of ADP Los Angeles. Plaintiff contends that it is the lawful owner of sixty percent (60%) of the issued shares of ADP Los Angeles pursuant to the 2005 Cooperation Agreement and that it validly replaced its former nominee shareholders with two current employees. Defendants

**8**

<u>COMPLAINT</u>

dispute these rights, have refused to recognize the replacements, and continue to exclude Plaintiff from management and information access.

36.    Plaintiff seeks a judicial declaration confirming that:

(a) ADP Shanghai is the lawful owner of sixty percent (60%) of the equity of ADP Los Angeles;

(b) the two new nominee shareholders appointed by ADP Shanghai are the rightful shareholders and directors representing ADP Shanghai's interests;

(c) Defendant Chen's refusal to cooperate is unlawful and in breach of fiduciary and contractual duties; and

(d) any acts undertaken by Defendant Chen to obstruct or prevent ADP Shanghai's exercise of its rights are void and of no effect.

37.    Absent such declaration, uncertainty will continue to impair Plaintiff's rights, operations, and business reputation, causing ongoing and irreparable injury.

## SECOND CAUSE OF ACTION
### (Breach of Fiduciary Duty – Against Defendant Kathy Chen)

38.    Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

39.    As an officer, director, and 40% minority shareholder of ADP Los Angeles, Defendant Chen owes fiduciary duties of loyalty, care, and good faith to both ADP Los Angeles and its majority shareholder, ADP Shanghai.  These duties include the obligation to act in the best interests of the company, to provide accurate financial information, and to refrain from self-dealing or misappropriation of corporate assets.

40.    Defendant Chen breached her fiduciary duties by, among other things:

(a) refusing to provide financial statements and records to ADP Shanghai;

(b) failing to distribute dividends owed under the Cooperation Agreement;

(c) conspiring with former nominee shareholders to divert funds and

**9**
COMPLAINT

corporate opportunities for personal use; and

(d) obstructing ADP Shanghai's lawful exercise of ownership and control rights, including the replacement of nominee shareholders and directors.

## THIRD CAUSE OF ACTION
### (Conversion – Against Defendant Kathy Chen)

41.    Plaintiff hereby re-alleges and incorporates by reference the paragraphs above as though fully set forth herein.

42.    Plaintiff is the lawful majority owner of ADP Los Angeles and is entitled to its proportionate share of corporate profits and dividends. Defendant Chen wrongfully exercised dominion and control over corporate funds belonging in part to Plaintiff by withholding and diverting those funds for her own use and refusing to remit or account for Plaintiff's share.

43.    Plaintiff did not consent to Chen's misappropriation or use of corporate monies for non-corporate purposes. Chen's conduct constitutes conversion of Plaintiff's property and rightfully owed dividends.

44.    As a direct and proximate result, Plaintiff has sustained damages in an amount to be proven at trial, including the value of the misappropriated funds, lost dividends, and consequential losses.

## FOURTH CAUSE OF ACTION
### (Accounting – Against Defendants Kathy Chen and ADP Los Angeles)

45.    Plaintiff hereby re-alleges and incorporates by reference the paragraphs above as though fully set forth herein.

46.    A fiduciary relationship exists between Plaintiff and Defendants by virtue of Plaintiff's majority ownership and Defendants' positions as officers, directors, and minority shareholders of ADP Los Angeles.  Defendants have exclusive possession and control of the company's books, records, bank accounts,

**10**

**COMPLAINT**

and financial information, and have refused to provide such information to Plaintiff despite repeated requests.

47.     Because the amount of money due from Defendants to Plaintiff cannot be ascertained without an accounting, Plaintiff is entitled to a full and complete accounting of all corporate revenues, expenditures, distributions, and assets from 2005 to the present, including any related party transactions or transfers made by Defendant Chen or the former nominee shareholders.

## FIFTH CAUSE OF ACTION
### (Judicial Dissolution and/or Appointment of Receiver – Against ADP Los Angeles and Kathy Chen)

48.     Plaintiff hereby re-alleges and incorporates by reference the paragraphs above, as though fully set forth herein.

49.     Under California Corporations Code §§ 1800(a)(2)–(4), judicial dissolution or the appointment of a receiver is warranted where those in control of a corporation have been guilty of or have knowingly countenanced persistent fraud, mismanagement, or abuse of authority, or where irreparable injury to the corporation or its shareholders is threatened.

50.     Defendant Chen has engaged in a pattern of misconduct including misappropriation of corporate funds, exclusion of the majority shareholder from governance, failure to account for company finances, and obstruction of lawful shareholder actions.    Such conduct constitutes fraud, oppression, and mismanagement within the meaning of the Corporations Code.

51.     Plaintiff seeks (a) the judicial dissolution of ADP Los Angeles, or in the alternative (b) appointment of a neutral receiver or provisional director to preserve corporate assets, access financial records, and restore lawful management pending further order of this Court.

**COMPLAINT**

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them, as follows:

1. For a judicial declaration confirming Plaintiff's 60% ownership of ADP Los Angeles and the validity of its replacement nominees;

2. For compensatory, consequential, and punitive damages according to proof;

3. For a full accounting of corporate assets, revenues, and distributions;

4. For an order removing Kathy Chen as officer and director of ADP Los Angeles;

5. For judicial dissolution or, in the alternative, appointment of a receiver to manage and preserve corporate assets;

6. For costs of suit and reasonable attorneys' fees; and

7. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: December 17, 2025          **DEHENG LAW OFFICES PC**

/s/ *Andre Y. Bates*
Andre Y. Bates
*Plaintiff Shanghai Asian
Development Int'l Trans Pu Dong Co.*

12

**COMPLAINT**

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all causes of action for which trial by jury is available.

Respectfully submitted,

Dated: December 17, 2025

**DEHENG LAW OFFICES PC**

/s/ *Andre Y. Bates*
Andre Y. Bates
*Plaintiff Shanghai Asian
Development Int'l Trans Pu Dong Co.*

**13**

**COMPLAINT**

Case 2:25-cv-11943-CV-AS   Document 1   Filed 12/17/25   Page 14 of 44   Page ID #:14

# EXHIBIT 1

# Cooperation Agreement (合作协议书)

## Parties

**Party A (甲方):** Luo Yusheng (劳渝声), Wang Hong (王红) (representing Shanghai Asian Development Int'l Trans Pu Dong Co.,Ltd. / 上海亚东国际货运有限公司)

**Party B (乙方):** Chen Yan (陈燕)

## Preamble

To ensure the stable and healthy development of **Shanghai Asian Development Int'l Trans Pu Dong Co.,Ltd.**'s logistics business in the United States, and to jointly coordinate the development and expansion of the U.S. logistics market, Party A and Party B, after full and friendly negotiation, agree to jointly invest and establish **Asian Development International Logistics Co., Ltd.** (tentative name, hereinafter referred to as the "New Company") in the United States. This cooperation agreement is specifically signed to clarify the rights and obligations of all parties. The details are as follows:

## I. Capital and Equity

1. The operating capital of the New Company will be **One Hundred Thousand U.S. Dollars (USD $100,000)**.
   - Party A shall contribute **Sixty Thousand U.S. Dollars (USD $60,000)** and shall hold **60%** equity in the New Company.
   - Party B shall contribute **Forty Thousand U.S. Dollars (USD $40,000)** and shall hold **40%** equity in the New Company.
2. Party A and Party B shall be liable for the New Company only to the extent of their respective capital contributions (limited liability).

## II. Equity Transfer

Considering that this cooperation agreement is based on mutual trust between Party A and Party B, neither Party A nor Party B shall transfer their equity to a third party without the other party's written consent.

## III. Management Appointment and Profit Sharing

Party A agrees to nominate Party B to serve as the **Chief Operating Officer/Manager** (经营管理者) of the New Company and shall transfer **10%** of the **equity profit sharing right** (股权分

红权) to Party B. This is to encourage Party B to diligently perform their duties, properly handle Shanghai Asian Development Int'l Trans Pu Dong Co., Ltd.'s logistics business in the U.S., and actively develop and expand the U.S. logistics market.

## IV. Reporting and Auditing

1. As the Chief Operating Officer/Manager of the New Company, Party B has the right and obligation to promptly report any major or abnormal operating conditions of the New Company to Party A, and shall regularly submit the New Company's business and financial statements to Party A every month.
2. Party A has the right to audit the New Company at any time.

## V. Matters Requiring Unanimous Consent

Based on respect for Party A's shareholder rights, Party B shall only carry out the following matters after **unanimous consultation and agreement** with Party A:

1. Leasing of office space.
2. Change of office address.
3. Hiring, termination, and determination of the salary and benefits of New Company employees.
4. Any form of guarantee activity conducted in the name of the New Company or using the New Company's assets.
5. External borrowing/fundraising in the name of the New Company or lending New Company funds to others.
6. External procurement activities in the name of the New Company exceeding the amount of **Five Thousand U.S. Dollars (USD $5,000).**
7. Any form of property acquisition activity conducted in the name of the New Company.
8. Arrangement for external debt payments in the name of the New Company exceeding **Twenty Thousand U.S. Dollars (USD $20,000).**
9. Contracting and specific operations for business accounts receivable exceeding **Fifty Thousand U.S. Dollars (USD $50,000).**
10. Other matters relating to the interests of the shareholders.

## VI. Compliance and Responsibility

As the manager of the New Company, Party B shall be responsible for supervising and ensuring that all employees of the New Company strictly operate legally, abide by regulations, strengthen legal education and professional training for employees, and be responsible for the legality and accuracy of the New Company's business.

## VII. Confidentiality Clause

During Party B's term of office and after resignation, Party B shall not disclose the **commercial secrets** of Party A's company (Shanghai Asian Development Int'l Trans Pu Dong Co., Ltd.) or the New Company. This includes, but is not limited to, the operational floor price, customer

information, agent information, and rules and regulations of Shanghai Asian Development Int'l Trans Pu Dong Co., Ltd. and the New Company.

## VIII. Non-Compete Clause

During Party B's term of office, Party B is strictly prohibited from operating a business similar to the New Company's for oneself or for others, or from transferring all or part of the business of the New Company or Shanghai Asian Development Int'l Trans Pu Dong Co., Ltd. to another similar company.

## IX. Managerial Duties and Prohibitions

Party B shall faithfully perform managerial duties, safeguard the interests of the New Company and all shareholders, and shall not use their position or authority in the New Company to seek personal gain. Party B is strictly prohibited from engaging in the following acts:

1. Accepting bribes or other illegal income.
2. Misappropriating New Company funds or occupying New Company assets.
3. Opening an account to store New Company assets in the name of any third party.
4. Entering into contracts or conducting transactions with the New Company in the name of oneself, relatives, or friends.

## X. Conditions for Automatic Resignation

Party B agrees to automatically step down from the position of Chief Operating Officer/Manager and shall cooperate with Party A to select a new manager if:

- The New Company's total cumulative loss reaches **50%** of the total investment; **OR**
- The New Company sustains losses for a continuous period of **one year** and the total cumulative loss reaches **30% or more** of the total investment.

## XI. Performance Evaluation

Party A, as a shareholder of the New Company, has the right and obligation to assess and evaluate Party B's management performance based on financial and business statements, and by listening to the opinions of employees, relevant departments, peers, and customers. The conclusions drawn shall be fair and objective, and relevant feedback must be disclosed to Party B personally to continuously improve Party B's leadership and management skills.

## XII. Guarantee and Liability

1. Party B agrees to use their **equity and its right to earnings** as a **pledge and guarantee** for their honest and lawful operation.
2. If Party B violates laws, regulations, or the provisions of this cooperation agreement while executing their duties, or commits serious dereliction of duty, violates commercial

ethics, etc., Party B shall automatically resign from the position of Chief Operating Officer/Manager, and Party A and Party B shall jointly hire a new manager.

3.  If any damage is caused to the New Company or Party A, Party B shall be liable for compensation to the New Company and Party A using their **equity and its right to earnings**. Any insufficient compensation shall be covered by Party B separately.

## XIII. Termination and Liquidation

In the event the New Company ceases operations for any reason, or if Party A and Party B agree to terminate the cooperation through consultation, both parties shall **liquidate and divide the assets** of the New Company according to their respective equity ratios. After termination of the cooperation, neither party shall, in any form, damage the rights, interests, or reputation of the other party.

## XIV. Effectiveness and Supplementary Agreements

1.  This agreement shall become effective upon the date of signing by both parties.
2.  For matters not covered in this agreement, both parties may sign a **supplementary agreement**. Supplementary agreements shall have the same legal effect.

## XV. Dispute Resolution

Should any dispute arise between the parties during the execution of this agreement that cannot be resolved through negotiation, it shall be submitted to the **Shanghai Arbitration Commission** for arbitration.

## Signatures

**Party A (甲方):** [Signature area] **Date (时间):** 2005/10/28

**Party B (乙方):** Chen Yan (陈燕) **Date (时间):** 10/28/05



# 上海亚东国际货运有限公司
*Shanghai Asian Development Int'l Trans Pu Dong Co.,Ltd.*

## 合 作 协 议 书

甲方：劳渝声、王红 （代表上海亚东国际货运有限公司）

乙方：陈燕

　　为了保证上海亚东国际货运有限公司在美国物流业务的稳定健康发展，共同协作开发拓展美国物流市场，甲乙双方经充分友好协商，共同出资在美国组建成立亚东国际物流有限公司（暂定名，以下简称新公司）。为了明确各方的权利义务关系，双方特签此合作协议。具体如下：

一、新公司的营运资金为壹拾万美元，其中甲方出资陆万美元，享有新公司的 60%股权，乙方出资肆万美元，享有新公司的 40%股权。甲乙双方以各自出资额为限，对新公司承担有限责任。

二、考虑到本合作协议是基于甲乙双方相互信任的前提，故甲乙双方未经对方书面同意时无权自行转让股权给第三方。

三、 甲方同意推举乙方担任新公司的经营管理者，并转让 10%的股权分红权给乙方，以鼓励乙方励尽勤勉之责，妥善操作上海亚东国际货运有限公司在美国的物流业务，同时努力开拓发展美国市场的物流业务。

四、 乙方作为新公司的经营管理者，有权利及有义务及时向甲方汇报新公司重大及异常的经营情况，每月定期向甲方汇报新公司的业务报表和财务报表。甲方有权随时对新公司进行审计。

五、 基于对甲方股东权利的尊重，对于下列事项，乙方需在与甲方

中国上海市延安东路 45 号工商联大厦 16F　200002

电话：0086 021 6336 6666　传真：0086 021 6337 3999　电子信箱：adp@adp.com.cn 公司网址：http://www.adp.com.cn



**上海亚东国际货运有限公司**

*Shanghai Asian Development Int'l Trans Pu Dong Co.,Ltd.*

协商一致的情况下方可具体操作：

1、办公用房租赁事宜；

2、办公地址变更事宜；

3、新公司员工的聘用和退工及决定其薪资待遇事宜。

4、以新公司名义或新公司资产进行的任何形式的担保活动；

5、以新公司名义进行的对外借款筹资或将新公司资金借给他人；

6、以新公司名义进行的超过伍仟美元金额的对外采购活动；

7、以新公司名义进行的任何形式的置业活动；

8、以新公司名义进行的超过贰万美元的对外债务支付安排；

9、业务应收款在伍万美元以上的签约及具体操作；

10、其他关系到股东方利益的事项。

六、 乙方作为新公司的管理者，应负责监督并保证新公司所有员工严格守法经营、遵章执业，加强对新公司员工的法律宣传和业务培训，对新公司业务的合法性和准确性负责。

七、 保密条款：

在乙方任职期间及离职后，乙方不得泄露甲方所在的上海亚东国际货运有限公司及新公司的商业秘密，包括但不限于上海亚东国际货运有限公司及新公司的操作底价、客户资料、代理信息、规章制度等。

八、 禁止经营同类业务条款：

在乙方任职期间，严禁乙方自己经营或者为他人经营与新公司同类的营业，或者将新公司或上海亚东国际货运有限公司的业务之全部或部分转移至其他同类的公司。

中国上海市延安东路 45 号工商联大厦 16F   200002
电话: 0086 021 6336 6666    传真: 0086 021 6337 3999    电子信箱: adp@adp.com.cn 公司网址: http://www.adp.com.cn



## 上海亚东国际货运有限公司
### Shanghai Asian Development Int'l Trans Pu Dong Co.,Ltd.

九、 乙方应当忠实履行经理职务，维护新公司及股东各方利益，不得利用在新公司的地位和职权谋取私利，坚决不得从事下列行为：

　　1、收受贿赂或其他非法收入；

　　2、挪用新公司资金、侵占新公司资产；

　　3、将新公司资产以任何第三方名义开立帐户存储；

　　4、以本人、亲属或朋友的名义同新公司订立合同或者进行交易。

十、 新公司总计亏损额达到投资总额的 50%，或者是连续亏损壹年并总计亏损额达到投资总额的 30%以上的，乙方同意自动卸去经营管理者职务，并和甲方另行选定经营管理者人选。

十一、甲方作为新公司的股东，有权利及义务通过财务、业务报表，听取员工和相关部门、同行、客户的意见，考核评估乙方的经营管理状况，以便作出公正客观的结论，有关意见应对乙方本人公开，以不断提高乙方领导能力和管理水平。

十二、乙方同意以其股权及其收益权作为其诚信合法经营的质押担保，在其执行职务时违反法律、法规、合作协议规定，或者严重失职、违背商业道德等等，乙方应自动卸去经营管理者职务，由甲乙双方另行聘任经营管理者。给新公司或甲方造成损害的，乙方应以其股权及其收益权对新公司及甲方承担赔偿责任，不足部分，乙方应另行赔偿。

十二、新公司因故停止营业或甲乙双方因协商一致解除合作时，双方根据各自的股权比例对新公司进行清算并分割资产，任何一方在解除

中国上海市延安东路 45 号工商联大厦 16F  200002
电话: 0086 021 6336 6666    传真: 0086 021 6337 3999    电子信箱: adp@adp.com.cn 公司网址: http://www.adp.com.cn



# 上海亚东国际货运有限公司
**Shanghai Asian Development Int'l Trans Pu Dong Co.,Ltd.**

合作后不得以任何形式损害另一方的权益和声誉。

十三、本协议自双方签字之日起生效。

十四、对于本协议未尽事宜，双方可签定补充协议予以约定。补充协议具有同等法律效力。

十五、双方在执行本协议中发生纠纷，如协商不成，由上海仲裁委员会仲裁。

甲方：　　　　　　　　　　05/10/28　　　乙方：陈蓝

时间　　　2005/10/28　　　　　　　　时间　10/28/05

中国上海市延安东路 45 号工商联大厦 16F    200002
电话：0086 021 6336 6666    传真：0086 021 6337 3999    电子信箱：adp@adp.com.cn 公司网址：http://www.adp.com.cn

## CERTIFICATE OF TRANSLATION

The undersigned hereby certifies that I am fluent in English and Mandarin, and that the accompanying translation from Chinese to English is complete, correct, and true.

Title of Document: Cooperation Agreement, Dated 10/28/2005.

_Shanqin Xu_                                     12/17/2025

Signature or Translator                          Date

Print Name: Shanqin Xu

Company: DeHeng Law Offices PC

Address: 7901 Stoneridge Drive, Suite 208

Telephone: 925-399-5856

# EXHIBIT 2

# Notice to Shareholder Regarding Termination of Authorization and Re-appointment of Nominee Holders

**To:** Kathy Chen (陈燕) **Address:** ADP Global Logistic, Inc (USA) , 1140 Centre Dr. Unit R., City of Industry, CA 91789, USA

**Shanghai Asian Development Int'l Trans Pu Dong Co.,Ltd.** (hereinafter referred to as "Shanghai Asian Development") hereby informs the shareholder of **ADP GLOBAL LOGISTICS INC (USA)** (hereinafter referred to as "ADP Los Angeles"), Kathy Chen, of the following decisions made by Shanghai Asian Development:

## 1. Termination of Prior Authorization

All authorizations, representations, power of attorney, assignments, appointments, positions, and rights previously granted to any person/persons on or before **November 12, 2024**, to act on behalf of Shanghai Asian Development concerning ADP Los Angeles are hereby **terminated**.

## 2. Appointment of New Nominee Holders

Effective from **November 12, 2024**, Shanghai Asian Development appoints **SHAO YUANYUAN** and **YAO JUN** as nominee holders:

- Each is appointed to hold **30%** of the shares in ADP Los Angeles on behalf of Shanghai Asian Development (a total of 60% combined).
- They are authorized to **exercise the corresponding shareholder rights**.
- The two appointed representatives agree to comply with the **"Cooperation Agreement"** signed on **October 28, 2005**, prior to the establishment of ADP Los Angeles.
- They acknowledge that the profit distribution rights between Shanghai Asian Development and Kathy Chen in ADP Los Angeles remain **unchanged, at 50% each**.

## Validity of Electronic Documents

Any signed or sealed copy of this document presented in the form of an electronic file, photograph, or scan, or through other modern technological communication means, shall have **equal validity** as the original signed or sealed copy.

**Shanghai Asian Development Int'l Trans Pu Dong Co.,Ltd.** (上海亚东国际货运有限公司)
**Date:** November 12, 2024

**Address:** 16F, Gongshanglian Building, No. 45 Yan'an East Road, Shanghai, China, Postal Code 200002 **Tel:** 86-21-53373666 **Website:** www.adp.com.cm

 **上海亚东国际货运有限公司**

Kathy Chen 陈燕
ADP Global Logistic, Inc (USA)
1140 Centre Dr. Unit R.
City of Industry, CA 91789, USA

### 关于终止授权及重新委托代持人

上海亚东国际货运有限公司（以下简称"上海亚东"）特向 ADP GLOBAL LOGISTICS INC (USA)公司（以下简称"洛杉矶亚东"）股东 Kathy Chen 陈燕通报上海亚东如下决定：

1、 终止 2024 年 11 月 12 日及之前授予所有人/任何人代表上海亚东的在/关于洛杉矶亚东的所有授权、代表、委托、委派、任命、职务、权利行使等。

2、 自 2024 年 11 月 12 日起，委托 SHAO YUANYUAN、姚骏各为上海亚东代持洛杉矶亚东 30%股份（共计 60%）并代为行使股东权利，二位被委托人同意遵守洛杉矶亚东成立前于 2005 年 10 月 28 签订的《合作协议书》，并承认上海亚东与 KATHY CHEN 在洛杉矶亚东的分红权不变，仍为各 50%。

本文件的签字或盖章件以电子件、照片或扫描件等现代科技通讯形式出现的，与签字或盖章原件同等有效。

上海亚东国际货运有限公司

2024 年 11 月 12 日

中国上海市延安东路 45 号工商联大厦 16F 邮编 200002
TL 86 21 63373696, www.adp.com.cn

## CERTIFICATE OF TRANSLATION

The undersigned hereby certifies that I am fluent in English and Mandarin, and that the accompanying translation from Chinese to English is complete, correct, and true.

Title of Document: Notice to Shareholder Regarding Termination of Authorization and Re-appointment of Nominee Holders, Dated 11/12/2024.

Shanqin Xu                    12/17/2025

Signature or Translator                Date

Print Name: Shanqin Xu

Company: DeHeng Law Offices PC

Address: 7901 Stoneridge Drive, Suite 208

Telephone: 925-399-5856

# EXHIBIT 3

## WRITTEN CONSENT OF MAJORITY SHAREHOLDER

(Pursuant to California Corporations Code §603(a))

of

ADP GLOBAL LOGISTICS, INC. (USA)

(a California Corporation)

The undersigned, being the holder of a majority of the issued and outstanding shares entitled to vote of ADP Global Logistics, Inc. (USA) (the "Corporation"), hereby takes the following actions by written consent without a meeting:

RECITALS

WHEREAS, Shanghai Asian Development Int'l Trans Pu Dong Co., Ltd. ("Shanghai ADP"), a company organized under the laws of the People's Republic of China, is the record and beneficial owner of sixty percent (60%) of the issued and outstanding shares of the Corporation, as evidenced by the Cooperation Agreement executed on October 28, 2005 between Shanghai ADP (Party A) and Kathy Chen (陈燕) (Party B);



WHEREAS, pursuant to that Cooperation Agreement, Shanghai ADP and Kathy Chen jointly established the Corporation to manage and expand the U.S. logistics business of Shanghai ADP, with capital contributions of USD $60,000 (60%) and USD $40,000 (40%) respectively.

WHEREAS Shanghai ADP previously authorized individuals to act as its nominee holders in respect of its 60% shareholding, but has since revoked all prior authorizations by notice dated November 12, 2024, and wishes to appoint new nominee holders and reconstitute the Corporation's Board of Directors accordingly;

WHEREAS, under California Corporations Code §603(a), any action required or permitted to be taken at a meeting of shareholders may be taken without a meeting and without prior notice, if approved in writing by the holders of the requisite number of shares entitled to vote on the matter;

1 / 5

NOW, THEREFORE, the undersigned, as the majority shareholder of the Corporation, hereby adopts the following resolutions:

RESOLUTIONS

1. Termination of Prior Authorizations

RESOLVED, that all prior authorizations, powers of attorney, designations, or appointments previously granted by or on behalf of Shanghai ADP in connection with its shareholding in ADP Global Logistics, Inc. (USA), including but not limited to any authority previously granted to Hong Wang and Yusheng Lao, are hereby revoked and terminated, effective immediately.

2. Appointment of New Nominee Shareholders

RESOLVED, that Shanghai ADP hereby appoints the following individuals as its nominee shareholders to hold legal title to its 60% shareholding in the Corporation solely on its behalf and subject to its direction:

| Name | Shares Held (on behalf of Shanghai ADP) | Capacity |
|------|------|------|
| Yuanyuan Shao | 30% | Nominee Shareholder |
| Jun Yao | 30% | Nominee Shareholder |

After the effective date of this written consent, each nominee is authorized to exercise all corresponding shareholder rights, including the right to vote and participate in shareholder meetings, consistent with the Cooperation Agreement dated October 28, 2005.

3. Reconstitution of the Board of Directors

**2 / 5**

2

RESOLVED, remove Hong Wang and Yusheng Lao from the position of directors of the Corporation and new vacancies on the Board of Directors of the Corporation are hereby filled as follows:

Name Title / Position

Yuanyuan Shao     Director

Jun Yao     Director

These directors shall serve until the next annual meeting of shareholders or until their successors are duly elected and qualified.

4. Removal and Appointment of Officers

RESOLVED, that the newly constituted Board of Directors is authorized and directed to hold a board meeting to consider and approve changes in corporate officers, including but not limited to the Chief Executive Officer, and to appoint any interim or replacement officers as necessary to safeguard corporate operations.

5. Ratification

RESOLVED, that all actions heretofore taken by any officers, agents, or representatives of the Corporation in connection with the matters set forth above are hereby ratified, confirmed, and approved in all respects.

6. Notice to Non-Consenting Shareholder

RESOLVED, that pursuant to California Corporations Code §603(b), written notice of this shareholder action shall be promptly provided to Kathy Chen, the holder of forty percent (40%) of the issued and outstanding shares, who has not consented hereto.

3 / 5

3

7. General Authorization

RESOLVED, that the officers and authorized representatives of Shanghai ADP and the Corporation are hereby authorized and directed to take all further actions, execute all instruments, and make all filings necessary or advisable to carry out the intent and purpose of these resolutions.

EXECUTION

IN WITNESS WHEREOF, the undersigned has executed this Written Consent of Majority Shareholder as of this day of November 12, 2025.

SHANGHAI ASIAN DEVELOPMENT INT'L TRANS PU DONG CO., LTD.

(上海亚东国际货运有限公司)

By: 劳渝声 （Yusheng LAO)

[Authorized Signatory Name]

Address: 16F, Industry & Commerce Building, No. 45 East Yan'an Road, Shanghai, China 200002

Telephone: +86 21 6337 3666

Email: adp@adp.com.cn

**4 / 5**

**Attachments**

Cooperation Agreement (October 28, 2005)

Letter of Authorization (November 3, 2005)

Notice to Shareholder Regarding Termination of Authorization and Re-appointment of Nominee Holders (November 12, 2024)

Notice of Shareholder Action Taken by Written Consent Under §603(b) (to be served on Kathy Chen)

**5 / 5**

5



## 上海亚东国际货运有限公司
### Shanghai Asian Development Int'l Trans Pu Dong Co.,Ltd.

# 合 作 协 议 书

甲方：劳渝声、王红 （代表上海亚东国际货运有限公司）

乙方：陈燕

为了保证上海亚东国际货运有限公司在美国物流业务的稳定健康发展，共同协作开发拓展美国物流市场，甲乙双方经充分友好协商，共同出资在美国组建成立亚东国际物流有限公司（暂定名，以下简称新公司）。为了明确各方的权利义务关系，双方特签此合作协议。具体如下：

一、新公司的营运资金为壹拾万美元，其中甲方出资陆万美元，享有新公司的 60%股权，乙方出资肆万美元，享有新公司的 40%股权。甲乙双方以各自出资额为限，对新公司承担有限责任。

二、考虑到本合作协议是基于甲乙双方相互信任的前提，故甲乙双方未经对方书面同意时无权自行转让股权给第三方。

三、甲方同意推举乙方担任新公司的经营管理者，并转让 10%的股权分红权给乙方，以鼓励乙方励尽勤勉之责，妥善操作上海亚东国际货运有限公司在美国的物流业务，同时努力开拓发展美国市场的物流业务。

四、乙方作为新公司的经营管理者，有权利及有义务及时向甲方汇报新公司重大及异常的经营情况，每月定期向甲方汇报新公司的业务报表和财务报表。甲方有权随时对新公司进行审计。

五、基于对甲方股东权利的尊重，对于下列事项，乙方需在与甲方

中国上海市延安东路 45 号工商联大厦 16F   200002

电话: 0086 021 6336 6666    传真: 0086 021 6337 3999    电子信箱: adp@adp.com.cn 公司网址: http://www.adp.com.cn

6



# 上海亚东国际货运有限公司
### Shanghai Asian Development Int'l Trans Pu Dong Co.,Ltd.

协商一致的情况下方可具体操作：

1、办公用房租赁事宜；

2、办公地址变更事宜；

3、新公司员工的聘用和退工及决定其薪资待遇事宜。

4、以新公司名义或新公司资产进行的任何形式的担保活动；

5、以新公司名义进行的对外借款筹资或将新公司资金借给他人；

6、以新公司名义进行的超过伍仟美元金额的对外采购活动；

7、以新公司名义进行的任何形式的置业活动；

8、以新公司名义进行的超过贰万美元的对外债务支付安排；

9、业务应收款在伍万美元以上的签约及具体操作；

10、其他关系到股东方利益的事项。

六、 乙方作为新公司的管理者，应负责监督并保证新公司所有员工严格守法经营、遵章执业，加强对新公司员工的法律宣传和业务培训，对新公司业务的合法性和准确性负责。

七、 保密条款：

在乙方任职期间及离职后，乙方不得泄露甲方所在的上海亚东国际货运有限公司及新公司的商业秘密，包括但不限于上海亚东国际货运有限公司及新公司的操作底价、客户资料、代理信息、规章制度等。

八、 禁止经营同类业务条款：

在乙方任职期间，严禁乙方自己经营或者为他人经营与新公司同类的营业，或者将新公司或上海亚东国际货运有限公司的业务之全部或部分转移至其他同类的公司。

中国上海市延安东路 45 号工商联大厦 16F   200002
电话: 0086 021 6336 6666    传真: 0086 021 6337 3999    电子信箱: adp@adp.com.cn 公司网址: http://www.adp.com.cn



**上海亚东国际货运有限公司**
*Shanghai Asian Development Int'l Trans Pu Dong Co.,Ltd.*

九、 乙方应当忠实履行经理职务，维护新公司及股东各方利益，不得利用在新公司的地位和职权谋取私利，坚决不得从事下列行为：

　　1、收受贿赂或其他非法收入；

　　2、挪用新公司资金、侵占新公司资产；

　　3、将新公司资产以任何第三方名义开立帐户存储；

　　4、以本人、亲属或朋友的名义同新公司订立合同或者进行交易。

十、 新公司总计亏损额达到投资总额的 50%，或者是连续亏损壹年并总计亏损额达到投资总额的 30%以上的，乙方同意自动卸去经营管理者职务，并和甲方另行选定经营管理者人选。

十一、甲方作为新公司的股东，有权利及义务通过财务、业务报表，听取员工和相关部门、同行、客户的意见，考核评估乙方的经营管理状况，以便作出公正客观的结论，有关意见应对乙方本人公开，以不断提高乙方领导能力和管理水平。

十二、乙方同意以其股权及其收益权作为其诚信合法经营的质押担保，在其执行职务时违反法律、法规、合作协议规定，或者严重失职、违背商业道德等等，乙方应自动卸去经营管理者职务，由甲乙双方另行聘任经营管理者。给新公司或甲方造成损害的，乙方应以其股权及其收益权对新公司及甲方承担赔偿责任，不足部分，乙方应另行赔偿。

十二、新公司因故停止营业或甲乙双方因协商一致解除合作时，双方根据各自的股权比例对新公司进行清算并分割资产，任何一方在解除

中国上海市延安东路 45 号工商联大厦 16F   200002
电话: 0086 021 6336 6666    传真: 0086 021 6337 3999    电子信箱: adp@adp.com.cn  公司网址: http://www.adp.com.cn



上海亚东国际货运有限公司
Shanghai Asian Development Int'l Trans Pu Dong Co.,Ltd.

合作后不得以任何形式损害另一方的权益和声誉。

十三、本协议自双方签字之日起生效。

十四、对于本协议未尽事宜，双方可签定补充协议予以约定。补充协议具有同等法律效力。

十五、双方在执行本协议中发生纠纷，如协商不成，由上海仲裁委员会仲裁。

甲方：                                                乙方：陈燕

时间    2005/10/28                              时间    10/28/05

中国上海市延安东路 45 号工商联大厦 16F    200002
电话：0086 021 6336 6666    传真：0086 021 6337 3999    电子信箱：adp@adp.com.cn 公司网址：http://www.adp.com.cn

9



上海亚东国际货运有限公司

**Shanghai Asian Development Int'l Trans Pu Dong Co.,Ltd.**

# 授权委托书

委托人：上海亚东国际货运有限公司

受托人：王红（身份证号码：310106195805232482）

现委托王红作为上海亚东国际货运有限公司的全权代表，对 ADP Global Logistics, Inc.50%股权代为持股并代为行使股东权利。

委托期限：本授权有效期为此授权书签发之日起至委托人书面声明本授权作废为止。

委托人：

受托人：

日期：2005 年 11 月 3 日

中国上海市延安东路 45 号工商联大厦 16 层 200002
电话： 86 21 6337 3666 传真： 86 21 6337 3999 电子信箱： adp@adp.com.cn 公司网站： http://www.adp.com.cn



# 上海亚东国际货运有限公司

Kathy Chen 陈燕
ADP Global Logistic, Inc (USA)
1140 Centre Dr. Unit R.
City of Industry, CA 91789, USA

## 关于终止授权及重新委托代持人

上海亚东国际货运有限公司（以下简称"上海亚东"）特向 ADP GLOBAL LOGISTICS INC (USA)公司（以下简称"洛杉矶亚东"）股东 Kathy Chen 陈燕通报上海亚东如下决定：

1、　终止 2024 年 11 月 12 日及之前授予所有人/任何人代表上海亚东的在/关于洛杉矶亚东的所有授权、代表、委托、委派、任命、职务、权利行使等。

2、　自 2024 年 11 月 12 日起，委托 SHAO YUANYUAN、姚骏各为上海亚东代持洛杉矶亚东 30%股份（共计 60%）并代为行使股东权利，二位被委托人同意遵守洛杉矶亚东成立前于 2005 年 10 月 28 签订的《合作协议书》，并承认上海亚东与 KATHY CHEN 在洛杉矶亚东的分红权不变，仍为各50%。

本文件的签字或盖章件以电子件、照片或扫描件等现代科技通讯形式出现的，与签字或盖章原件同等有效。

上海亚东国际货运有限公司

2024 年 11 月 12 日

中国上海市延安东路 45 号工商联大厦 16F 邮编 200002
TEL:86-21-63373666, www.adp.com.cn

11

## NOTICE OF SHAREHOLDER ACTION TAKEN BY WRITTEN CONSENT UNDER CALIFORNIA CORPORATIONS CODE §603

Date:

To: Kathy Chen (陈燕)

Business Address: ADP Global Logistics, Inc. (USA)

1140 Centre Drive, Unit R

City of Industry, California 91789

Residential Address: 6346 BODEGA CT, EASTVALE, CA, 92880 (RIVERSIDE)

kathy@adpglobal-usa.com



Re: Notice of Action Taken by Written Consent of Majority Shareholder of ADP Global Logistics, Inc. (USA)

Dear Ms. Chen:

Pursuant to California Corporations Code §603(b), Shanghai Asian Development Int'l Trans Pu Dong Co., Ltd. ("Shanghai ADP"), the holder of sixty percent (60%) of the issued and outstanding shares of ADP Global Logistics, Inc. (USA), a California corporation ("the Corporation"), hereby provides this formal notice of corporate action taken by written consent, without a meeting of shareholders.

### 1. Basis for Action

Under §603(a) of the California Corporations Code, any action that may be taken at an annual or special meeting of shareholders may be taken without a meeting and without prior notice, if authorized by the written consent of shareholders holding at least the minimum number of votes required to authorize the action at a meeting at which all shares entitled to vote were present.

**1 / 3**

12

Shanghai ADP, as the record and beneficial owner of 60% of the Corporation's shares, executed a Written Consent of Majority Shareholder dated November 12, 2025 , thereby constituting valid shareholder action under §603(a).

## 2. Actions Taken by Written Consent

The following actions were approved by Shanghai ADP's written consent:

### 1) Termination of Prior Authorizations

All prior authorizations, powers of attorney, and designations previously issued by or on behalf of Shanghai ADP concerning its shareholding in ADP Global Logistics, Inc. are hereby terminated.





### 2) Appointment of New Nominee Shareholders

Effective immediately, Shanghai ADP appoints Yuanyuan Shao and Jun Yao to hold, respectively, 30% and 30% of the shares in the Corporation on behalf of Shanghai ADP.

Each is authorized to exercise the corresponding shareholder rights in accordance with the Cooperation Agreement dated October 28, 2005, executed between Shanghai ADP and Kathy Chen.

### 3) Reconstitution of the Board of Directors

The two current vacancies on the Board of Directors are hereby filled by the election of Yuanyuan Shao and Jun Yao, effective upon the date hereof.

These appointments shall remain in effect until successors are duly elected and qualified, or until otherwise removed by shareholder action.

### 4) Removal and Appointment of Officers

The newly constituted Board is authorized to convene and, at its discretion, remove or appoint corporate officers, including the Chief Executive Officer.

2 / 3

13

3. Effectiveness and Record Date

These actions became effective upon execution of the Written Consent of Majority Shareholder, dated November 12, 2025.

This notice is being furnished to you pursuant to California Corporations Code §603(b), which requires that written notice of any non-unanimous shareholder action be given promptly to all non-consenting shareholders.

4. Reservation of Rights

Shanghai ADP expressly reserves all rights and remedies available under law and equity, including but not limited to the right to seek judicial confirmation of its shareholder and governance rights if necessary.

Very truly yours,

Shanghai Asian Development Int'l Trans Pu Dong Co., Ltd.

(上海亚东国际货运有限公司)

By: _劳渝声_   (Yusheng LAO)

[Authorized Signatory Name]

Title: Legal Representative / Chairman of the Board / General Manager

Date: November 12, 2025

3 / 3

14

## PROOF OF SERVICE

I, the undersigned, am over the age of eighteen and not a party to the above-referenced action. My business address is DeHeng Law Offices PC, located at 7901 Stoneridge Drive, #208, Pleasanton, CA 94588. I am readily familiar with this firm's practices for collection and processing of correspondence for mailing with the United States Postal Service. On November 26, 2025, I caused a true and correct copy of the following document(s) to be served as follows:

- **WRITTEN CONSENT OF MAJORITY SHAREHOLDER AND EXHIBITS 1-4; COOPERATION AGREEMENT (CN); LETTER OF AUTHORIZATION (CN); NOTICE TO SHAREHOLDER REGARDING TERMINATION OF AUTHORIZATION AND RE-APPOINTMENT OF NOMINEE HOLDERS (CN); NOTICE OF SHAREHOLDER ACTION TAKEN BY WRITTEN CONSENT UNDER CALIFORNIA CORPORATIONS CODE §603 (EN)**

upon the Defendant as follows:

KATHY CHEN
ADDRESS: ADP GLOBAL LOGISTICS, INC. (USA)
1140 CENTRE DRIVE, UNIT R
CITY OF INDUSTRY, CALIFORNIA 91789

EMAIL: KATHY@ADPGLOBAL-USA.COM

☒ **BY U.S. POSTAL SERVICE CERTIFIED MAIL** – On the date specified above, I caused such document(s) to be served by enclosing them in an envelope and depositing the sealed envelope with the United States Postal Service with the postage fully prepaid.

☐ **BY OVERNIGHT MAIL** – On the date specified above, I caused such document(s) to be delivered not later than the close of the next business day via Federal Express or Express Mail.

☒ **BY ELECTRONIC MAIL** – On the date specified above, I caused such document(s) to be delivered electronically, from my electronic service address at talyttap@dehengsv.com, to the office(s) of the addressee(s) at the electronic service address(es) specified above, pursuant to agreement of counsel to accept electronic service.

☐ **BY ONELEGAL** – On the date specified above, I caused such document(s) to be electronically mailed through OneLegal, the Court's eFile approved vendor for electronic service and filing of documents.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. EXECUTED on November 26, 2025 at Pleasanton, California.



_____
TALYTTA PINHEIRO

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Walnut, CA 91789

OFFICIAL USE

Certified Mail Fee  $5.30

$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $ $0.00
☐ Return Receipt (electronic)         $ $0.00
☐ Certified Mail Restricted Delivery  $ $0.00
☐ Adult Signature Required            $ $0.00
☐ Adult Signature Restricted Delivery $

Postage     $2.44

$

**Total Postage and Fees**
$12.14

$

NOV 26 2025    0251    15

Postmark Here

11/26/2025

Sent To  Kathy Chen, ADP Global Logistics
Street and Apt. No., or PO Box No.  1140 Centre Drive, Unit R
City, State, ZIP+4®  City of Industry, CA 91789

PS Form 3800, January 2023 PSN 7530-02-000-9047     See Reverse for Instructions